FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -4  A II: 04

CLERK _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

CALVIN L. HILL,                              )
                                             )
           Plaintiff,                    )
                                             )
v.                                           )    CIVIL ACTION NO.: CV204-127
                                             )
JO ANNE B. BARNHART,                         )
Commissioner of Social Security,             )
                                             )
           Defendant.                    )

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables, ("the ALJ" or "ALJ Stables") denying his claim for a period of disability and Disability Insurance Benefits. Plaintiff urges the Court to remand the case on the grounds that there is no substantial evidence to support the ALJ's decision and that Plaintiff has submitted evidence within the meaning of sentence six of 42 U.S.C. § 405(g).[1] Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits on December 29, 1999, claiming that he became disabled on September 27, 1999, due to increased pain from a T12 fracture and two damaged discs in his lower back. (Tr. at 15-16.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On

---

[1]Although Plaintiff did not directly assert a request for remand based on sentence six of 42 U.S.C.A. § 405(g), the Court construes arguments presented in Plaintiff's Response Brief as asserting such a claim based on his discussions of Vega v. Comm'r of Soc. Sec., 265 F.3d 1214 (11th Cir. 2001).

AO 72A
(Rev. 8/82)

November 16, 2000, ALJ Stables held a hearing at which Plaintiff and his wife appeared and testified. (Tr. at 15.)  Plaintiff was represented by counsel at that hearing.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Id.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5, 80-85.)

Plaintiff, born on June 6, 1955, was 45 years old when ALJ Stables issued his decision.  Plaintiff has a high school education. (Tr. at 16.)  His past relevant work experience includes employment as a pipefitter, paper bag bailer, forklift operator, and computer operator.  (Id.)

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987).  The first step determines if the claimant is engaged in "substantial gainful activity."  Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude

2

substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291.  If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work.  Id.  If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, ALJ Stables followed the sequential process and determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. at 16.)  At step two, the ALJ determined that Plaintiff's degenerative disk disease was severe, and that his complaints regarding an ulcer, dizziness, light-headedness, and alleged mental impairments were not severe.  (Tr. at 18-19.)  He further determined that Plaintiff's impairments did not "meet or medically equal" those listed in Appendix 1, Subpart P, Regulations No. 4. (Id.)  At the next step, ALJ Stables determined that Plaintiff had the residual functional capacity to perform a full range of sedentary work.  However, the ALJ ascertained that Plaintiff lacked the residual functional capacity to perform past relevant work.  (Tr. at 20.)  Finally, using the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff was not disabled and that there were a number of jobs in the national economy that he could perform.  (Tr. at 20-21.)

3

## ISSUES PRESENTED

Plaintiff asserts that:

I.      Plaintiff is entitled to a remand based on evidence satisfying the requirements of the Eleventh Circuit's decision in <u>Vega</u>.

II.     The ALJ erred by failing to apply the proper law and regulations regarding the evaluation of non-exertional mental impairment.

III.    The ALJ erred by misapplying the Medical-Vocational Guidelines ("Grids") to establish a significant number of jobs in the national economy for Plaintiff to perform.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. <u>Id.</u>

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. <u>Walden v. Schweiker</u>, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. <u>Dyer</u>, 395 F.3d

4

at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.   **Plaintiff is entitled to a remand based on evidence satisfying the requirements of the Eleventh Circuit's decision in Vega.**

In his Response Brief, Plaintiff asserts that Dr. Brewer's examination should be considered by the Court according to the Eleventh Circuit's ruling in Vega v. Comm'r of Soc. Sec., 265 F.3d 1214 (11th Cir. 2001).  Plaintiff avers that Dr. Brewer's examination was submitted to the Appeals Council and is readily reviewable by this Court in determining whether Plaintiff's case should be remanded. (Doc. No. 10, p. 1.)

Defendant contends that this Court is restricted in its review to only information submitted to the ALJ.  Defendant concedes that Plaintiff may have grounds for remand under sentence six of § 405(g).  However, Defendant argues that Plaintiff did not assert such a claim.

According to sentence six of 42 U.S.C.A. § 405(g), the Claimant must demonstrate that "1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

5

As asserted in Plaintiff's Response Brief (Doc. No. 10), the Plaintiff's mental examination by Dr. Brewer satisfies the requirements of Vega and sentence six of § 405(g). This examination presents new, noncumulative evidence regarding Plaintiff's mental condition. Based on limited evidence, ALJ Stables determined that Plaintiff did not suffer from a mental disability. (Tr. at 19.) However, the ALJ did not appear to have the benefit of a detailed mental examination. Dr. Brewer's examination provides a focused discussion of Plaintiff's mental challenges and presents "new" evidence that Plaintiff may be disabled. (See Tr. at 167-72.) Further, Plaintiff's mental examination is material, i.e. it presents the reasonable possibility that it would change the ALJ's determination that Plaintiff is not disabled. Plaintiff's mental examination by Dr. Brewer may contradict the limited evidence the ALJ previously relied upon and supports testimony by Plaintiff and his wife. (See Tr. at 19.) In contrast to the ALJ's determinations, Dr. Brewer concluded that Plaintiff's "current level of depression and anxiety will affect his ability to gain employment and function on the job." (Tr. at 172.) Finally, Plaintiff asserts that he could not afford a mental evaluation prior to the ALJ's hearing, thus prohibiting the presentation of this evidence at the administrative level. Plaintiff's mental evaluation by Dr. Brewer occurred in August 2002, nearly two years after the ALJ's determination. This examination revealed previously undiscovered mental challenges which could not have been presented at the time of the hearing. See Vega, 285 F.3d at 1218-19. Accordingly, Plaintiff is entitled to a remand of the ALJ's decision in light of the new evidence he has presented.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

6

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** to the ALJ, pursuant to sentence six of 42 U.S.C.A. § 405(g).

So **REPORTED** and **RECOMMENDED**, this _4th_ day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7